# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; JACKSON CITY BRANCH OF THE NAACP; DERRICK JOHNSON; FRANK FIGGERS; CHARLES TAYLOR; MARKYEL PITTMAN; CHARLES JONES; and NSOMBI LAMBRIGHT-HAYNES,<br><br>*Plaintiffs*,<br><br>v.<br><br>TATE REEVES, in his official capacity as Governor of the State of Mississippi; SEAN TINDELL, in his official capacity as Commissioner of Public Safety; BO LUCKEY, in his official capacity as Chief of the Mississippi Department of Public Safety Office of Capitol Police; MICHAEL K. RANDOLPH, in his official capacity as Chief Justice of the Mississippi Supreme Court; and LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi,<br><br>*Defendants*. | **Civil Action No. 3:23-cv-272-HTW-LGI** |

**MEMORANDUM OF PLAINTIFFS IN *JXN UNDIVIDED COALITION v. TINDELL*
IN SUPPORT OF MOTION FOR CONSOLIDATION**

**TABLE OF CONTENTS**

**Page**

FACTS ........................................................................................................................................1

    I.     THE *NAACP* PLAINTIFFS' SUIT ........................................................................1

    II.    THE *COALITION* PLAINTIFFS' SUIT ..................................................................3

ARGUMENT ................................................................................................................................4

    I.     A COURT HAS BROAD DISCRETION IN ORDERING CONSOLIDATION. .................................................................................................4

    II.    ALL FACTORS FAVOR CONSOLIDATION UNDER RULE 42(A). ..................5

          A.    The Actions Are Pending in the Same Judicial District. ............................5

          B.    Common Parties are Involved. .....................................................................5

          C.    There are Common Questions of Law and Fact. .........................................6

          D.    There is No Risk of Prejudice or Confusion, but if the Cases are Tried Separately, the Risk of Inconsistent Adjudications of Factual and Legal Issues Would Exist. ........................................................9

          E.    Consolidation Will Conserve Judicial Resources. .......................................9

          F.    Consolidation Will Not Result in an Unfair Advantage. ...........................10

          G.    Consolidation Will Reduce the Time for Resolving the Case. ..................10

          H.    Consolidation Will Reduce the Cost of Trying the Cases Separately. ..................................................................................................11

LOCAL RULE 7(b)(10) ADVISEMENT ..................................................................................11

CONCLUSION ............................................................................................................................11

i

Senate Bill 2343, which amends Miss. Code Ann. 45-1-19, expands the authority and jurisdiction of the Department of Public Safety and its subsidiary organization, the Office of Capitol Police, regarding law enforcement functions previously reserved to the city and the county. Plaintiffs seek consolidation of two cases challenging overlapping components of S.B. 2343. The actions, brought within weeks of one another, sue the same defendants in the same judicial district, share common questions of law or fact, and seek an order enjoining provisions of S.B. 2343 preliminarily and permanently pursuant to 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 42 was crafted for such occasions. "When actions involving a common question of law or fact are pending before the court," a court "may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). Plaintiffs in *Jxn Undivided Coalition, et al. v. Tindell, et al.* seek consolidation for all purposes with *NAACP, et al, v. Reeves, et al*. *See Jxn Undivided Coalition et al. v. Tindell et al.*, Civil Action No. 3:23-cv-351-TSL-RPM (S.D. Miss. Jun. 1, 2023) (hereinafter "*Coalition*"); *NAACP, et al, v. Reeves, et al.,* Civil Action No. 3:23-cv-272-HTW-LGI (S.D. Miss. April 21, 2023) (hereinafter "*NAACP*").

## FACTS

### I. THE *NAACP* PLAINTIFFS' SUIT

On April 21, 2023, the National Association for the Advancement of Colored People and others filed suit against Commissioner Tindell and Chief Luckey, among others, alleging that two new laws, one of which is S.B. 2343, violate their constitutional rights under the Fourteenth Amendment. *See NAACP* Compl. ¶¶131-135 (*NAACP* Dkt. No. 1). The *NAACP* Plaintiffs allege, among other facts, that they regularly engage in protected expressive activities "designed to . . . influence governmental actors and public opinion," and that these activities "will be suppressed

1

and deterred" by S.B. 2343, because the law "interfere[s] with Jackson's residents' ability to exercise their First Amendment rights." *NAACP* Dkt. No. 1 at ¶¶ 38, 44-45.

The *NAACP* Plaintiffs also challenge House Bill 1020, a companion bill to S.B. 2343, which was also passed by the legislature in 2023. Generally, H.B. 1020 authorizes state intervention in local courts, and S.B. 2343 authorizes state intervention in local policing. Parts of these bills interlock. H.B. 1020 creates a so-called "CCID inferior court" and authorizes state officials to appoint the CCID court's judge and prosecutors.[1] *NAACP* Dkt. No. 1 at ¶ 35; H.B. 1020(4)(1)(a), 1020(1), 1020(3)(1). S.B. 2343 gives the Capitol Police expanded jurisdiction to arrest for certain crimes and the CCID court prosecutors the authority to prosecute people arrested for them. *NAACP* Dkt. No. 1 at ¶¶ 35, 40-41; S.B. 2343(6)(a)-(b). H.B. 1020 then gives the CCID court jurisdiction to try and convict people for those crimes.[2] *NAACP* Dkt. No. 1 at ¶ 35; H.B. 1020(4)(1)(a). Finally, for people arrested by Capitol Police within the boundaries of the CCID, which is substantially comprised of property owned or occupied by officials and entities of the State of Mississippi, H.B. 1020 provides that those convicted may be placed in the custody of the Mississippi Department of Corrections. *NAACP* Dkt. No. 1 at ¶ 34; H.B. 1020(4)(1)(b).

The *NAACP* Plaintiffs allege that both bills violate their constitutional rights under the Fourteenth Amendment Equal Protection Clause. They argue for application of strict scrutiny

---

[1] The *NAACP* Plaintiffs also challenge the provisions of H.B. 1020 which allow a state official to appoint multiple Hinds County Circuit Court judges.

[2] SB 2343 also amends Section 45-1-19(6)(a) to provide that the Department of Public Safety "shall have primary jurisdiction relative to any other state or municipal law enforcement agency to enforce all laws of the State of Mississippi within the boundaries of the Capitol Complex Improvement District" and "may . . . make arrests for any violation of any law of the State of Mississippi and violation of the City of Jackson's traffic ordinances or ordinances related to disturbance of the peace which occurs within the boundaries of the district and within the boundaries of the City of Jackson" and "may choose to present cases to either the District or the prosecuting attorneys designated by the Attorney General for any violation of law . . . within the boundaries" of the Capitol Complex Improvement District (CCID). S.B. 2343(1)(6)(a). *See also* H.B. 1020(4)(1)(a)-(b) ("Any person convicted in the CCID inferior court may be placed in the custody of the Mississippi Department of Corrections, Central Mississippi facility.").

pursuant to a theory of intentional racial discrimination. On May 24, 2023, Plaintiffs filed a motion for a preliminary injunction regarding H.B. 1020 § 1.

## II.     THE *COALITION* PLAINTIFFS' SUIT

On June 1, 2023, the JXN Undivided Coalition and others filed suit against Commissioner Tindell and Chief Luckey alleging that S.B. 2343 violates their constitutional rights under the First and Fourteenth Amendments. *Coalition* Dkt. No. 1 at ¶¶ 28-35. The *Coalition* Plaintiffs allege, among other facts, that their past actions have included a broad range of protest activities, such as "marching, hosting speakers, praying together, and engaging in symbolic speech," that they will protest in the future, including in July of 2023, and that S.B. 2343 violates their free speech rights under the First Amendment rights. *Coalition* Dkt. No. 1 at ¶ 26. The *Coalition* Plaintiffs, like the *NAACP* Plaintiffs, allege that Section (1)(6)(c) of S.B. 2343 unjustifiably prevents the plaintiffs from engaging in constitutionally protected expressive activities. In its entirety, the provision is two sentences long and reads:

> (c)  Written approval from the Chief of the Capitol Police or the Commissioner of the Department of Public Safety shall be required before ***any event*** occurs ***which will take place*** on any street or sidewalk immediately adjacent to any building or property owned or occupied by any official, agency, board, commission, office or other entity of the State of Mississippi, ***or which can*** reasonably be expected to block, impede or otherwise hinder ingress thereto and/or egress therefrom.  The Department of Public Safety shall promulgate rules and regulations to effectuate the provisions of this paragraph (c).

S.B. 2343(1)(6)(c) (emphasis added).

The *Coalition* Plaintiffs allege that S.B. 2343 violates their constitutional rights, asserting a primary and alternative argument. <u>Primarily</u>, they allege that the provision violates their rights because the state cannot prove the law furthers a compelling, substantial, and/or permissible government purpose as required (a) under the First Amendment, applying either strict scrutiny because it is a content-based law or intermediate scrutiny if considered a content neutral law; and (b) under the Fourteenth Amendment Equal Protection Clause, applying intermediate scrutiny,

because the law imposes different burdens on similar speech. <u>Alternatively</u>, the *Coalition* Plaintiffs allege that the provision grants two state officials unbridled discretion and is overbroad in violation of the First Amendment, and that it is vague in violation of the Fourteenth Amendment Due Process Clause.

On June 3, 2023, Plaintiffs filed a motion for a preliminary injunction.

## ARGUMENT

Federal Rule of Civil Procedure 42 authorizes the Court to consolidate pending lawsuits "involving a common question of law or fact . . . [and] make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). In evaluating whether to consolidate two related lawsuits, the Court should consider the following factors:

> '(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.'

*Crest Audio, Inc. v. QSC Audio Products, Inc.*, 2016 WL 3249217, at *2 (S.D. Miss. Mar. 4, 2016) (quoting *In re Camp Arrowhead, Ltd.*, Civil Action No. SA-10- CV-170-XR (W.D. Tex. Mar. 8, 2010)).

All eight factors favor consolidation.

**I.    A COURT HAS BROAD DISCRETION IN ORDERING CONSOLIDATION.**

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971). Rule 42(a) permits a district court to consolidate separate actions when

4

they involve "a common question of law or fact." Fed.R.Civ.P. 42(a). Even if there are some questions that are not common, consolidation is not precluded. *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981).

## II.    ALL FACTORS FAVOR CONSOLIDATION UNDER RULE 42(A).

### A.    The Actions Are Pending in the Same Judicial District.

Both cases are pending in the Northern Division of this District. Consolidation is appropriate when "the cases proposed for consolidation are pending either before the same court for all purposes or before two different courts within the same judicial district." *Mayfield v. American Auto. Ins. Co.*, 2003 WL 21250935, at *1 (N.D. Tex. May 27, 2003). Under Local Rule 42, "[t]he judge initially assigned the lower or lowest numbered action, even if that action has been dismissed, will be the judge before whom the action(s) will be tried." L.U.Civ.R. 42. The *NAACP* case is the earlier-filed action.

This factor favors consolidation.

### B.    Common Parties are Involved.

"Consolidation is not limited to actions involving identical parties." *Attala Hydratane Gas, Inc. v. Lowry Tims Co.*, 41 F.R.D. 164, 165 (N.D. Miss. 1966); *see also LaCroix v. Marshall County*, 2009 WL 2244593, at *2 (N.D. Miss. July 27, 2009) (quoting *Skirvin v. Mesta* 141 F.2d 668 (10th Cir. 1944)) (total identity of issues and parties unnecessary where the substantial identity of parties and issues exists).

Sean Tindell, in his official capacity as Commissioner of the Mississippi Department of Public Safety, and Bo Luckey, in his official capacity as Chief of the Capitol Police, are defendants in both cases. The *NAACP* suit currently has one additional defendant, Lynn Fitch, sued in her official capacity as Attorney General. Fitch, Tindell, and Luckey are all represented by the same counsel from the Attorney General's office in the *NAACP* suit.

The plaintiffs are different but are all people and organizations who advocate for civil rights and who engage in protests that would be covered by this law. *Coalition* Dkt. No. 1 at ¶¶ 8-12; *NAACP* Dkt. No. 1 at ¶¶ 12-24. The organizations are non-profit advocacy organizations, and the individuals are local community organizers. *Id*. They have in common that they have engaged in protected expressive activities in the past, they plan to continue to do so in the future, and they allege that their free speech rights are being infringed upon by S.B. 2343's prior permission provision. *NAACP* Dkt. No. 1 at ¶¶ 5-10; *Coalition* Dkt. No. 1 at ¶¶ 2-6.

This factor favors consolidation.

C. **There are Common Questions of Law and Fact.**

"Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay." *St. Bernard General Hospital, Inc. v. Hospital Serv. Ass'n of New Orleans, Inc*., 712 F.2d 978, 989 (5th Cir. 1983), cert. denied, 466 U.S. 970 (1984); *see also* Fed. R. Civ. P. 42(a)(3).

Both suits allege that Section 1(6)(c) of S.B. 2343 suppresses primarily political speech in traditional public forums. *Coalition* Dkt. No. 1 at ¶ 17; *NAACP* Dkt. No. 1 at ¶ 104. Both allege that activities in which plaintiffs have engaged in the past, and which they plan to engage in in the future, would be made illegal by the provision absent prior authorization from Commissioner Tindell and Chief Luckey. *Coalition* Dkt. No. 1 at ¶¶ 16-21; *NAACP* Dkt. No. 1 at ¶¶ 123-26. Both suits allege that the prior written permission requirement does not give adequate warning of what activities it proscribes, nor does it set forth explicit standards for those who must apply it. *Coalition* Dkt. No. 1 at ¶ 25; *NAACP* Dkt. No. 1 at ¶ 123, ¶ 128. Both allege that the law also substantially encompasses expressive activities that the state does not have the authority to regulate through imposition of a prior restraint. *Coalition* Dkt. No. 1 at ¶ 19; *NAACP* Dkt. No. 1 at ¶ 123.

6

Additionally, the table below provides a side-by-side comparison of key allegations contained in both suits' Complaints.

| THE *COALITION* PLAINTIFFS' SUIT | THE *NAACP* PLAINTIFFS' SUIT |
|---|---|
| "This session, Mississippi passed S.B. 2343(1)(6)(c), which is designed to suppress political speech in Jackson against the state government…" *Coalition* Dkt. No. 1 at ¶ 17. | "S.B. 2343's prior restraint provision imposes a state-controlled permitting system across Jackson that will gravely interfere with Jackson's residents' ability to exercise their First Amendment rights." *NAACP* Dkt. No. 1 at ¶ 104. |
| "The requirement will overlap with Jackson's scheme and in many instances will require that certain protestors—those wanting to communicate their views to state officials next to the buildings where they conduct official state business—obtain two licenses to speak." *Coalition* Dkt. No. 1 at ¶ 19. | "[T]he City of Jackson has an already-established extensive permitting regime that applies to certain types of public events held across the city." *NAACP* Dkt. No. 1 at ¶ 105.<br><br>"Because Jackson's permitting regime overlaps with that of the prior restraint provision, an event organizer will need permits for the same event from both Jackson and DPS or the Chief of the Capitol Police; because of the discretion afforded to the State officials, a permit might be granted by Jackson but not by the State officials." *NAACP* Dkt. No. 1 at ¶ 111. |
| "The new law directs DPS to promulgate rules and regulations to effectuate the written permission requirement, and it provides the agency with unbridled and unfettered discretion when doing so." *Coalition* Dkt. No. 1 at ¶ 20. | "To be sure, S.B. 2343 requires DPS to 'promulgate rules and regulations to effectuate' the prior restraint provision. But this broad command does not specify what rules and regulations are required and in no way limits the discretion of the Department." *NAACP* Dkt. No. 1 at ¶ 121. |
| "On its face, the law is also vague and overbroad. For example, it encompasses even small gatherings of a few people…In many situations, people will not know which of Jackson's many office or other properties are 'owned or occupied' by any state official 'or other entity of the state.'" *Coalition* Dkt. No. 1 at ¶ 25. | "Until those 'effectuating' regulations are issued, the prior restraint provision suppresses and chills Plaintiffs' exercise of their First Amendment rights. Even then, unless DPS promulgates rules and regulations to significantly limit their authority—a rare sacrifice for any bureaucracy to voluntarily make—Plaintiffs will have no certainty about what activity might require approval, why approval might be denied, or how to challenge such standard-less determinations, nor any |

| | |
|---|---|
| | protection from prohibitions on activities that are imposed purely based of the content of the views expressed." *NAACP* Dkt. No. 1 at ¶ 122. |
| "Absent an injunction, Plaintiffs' speech about their July 2023 month of direct actions has been and will continue to be chilled, their peaceful protest activities in July 2023 and beyond will be chilled, and those who chose to violate the provision could be arrested, prosecuted, convicted, and imprisoned for activities later held to be protected by the First Amendment." *Coalition* Dkt. No. 1 at ¶ 27. | "Rather than risk violating the law pending the results of DPS's rulemaking activities, the organizational Plaintiffs' members and other Jackson citizens may find it safer to avoid the provision altogether and not plan or organize 'any events' for July 1, 2023, and thereafter that might be covered by the provision." *NAACP* Dkt. No. 1 at ¶ 124.<br><br>"[B]ecause the regime established by S.B. 2343 is so broadly defined…Plaintiffs cannot restrict their conduct so as to be 'unquestionably safe' at locations in proximity to any buildings or properties that are owned or occupied by any State entity or official. Under the prior restraint provision, the only 'unquestionably safe' activity at such locations is *no* activity." *NAACP* Dkt. No. 1 at ¶ 130. |

Finally, both suits allege that provisions in S.B. 2343 violate their rights under the Equal Protection Clause of the Fourteenth Amendment.[3]

Consolidation is not precluded even if there are some questions that are not common. *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981).

This factor favors consolidation.

---

[3] Specifically, the Coalition Plaintiffs seek application of intermediate scrutiny, alleging the state cannot prove it is furthering a substantial or permissible government purpose by providing Commissioner Tindell and Chief Luckey the authority to deny or authorize protests in Jackson. The NAACP Plaintiffs seek application of strict scrutiny, alleging the state engaged in intentional racial discrimination when it expanded Commissioner Tindell and Chief Luckey' authority to enforce certain laws throughout Jackson.

8

## D. There is No Risk of Prejudice or Confusion, but if the Cases are Tried Separately, the Risk of Inconsistent Adjudications of Factual and Legal Issues Would Exist.

"Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires entry of a separate judgment." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). As described above, the *NAACP* and *Coalition* suits share numerous factual allegations and a common legal claim, alleging that S.B. 2343, as implemented by Commissioner Tindell and Chief Luckey, violates their right to equal protection under the law. Consolidation carries no risk of unfair prejudice or confusion. The suits were filed within weeks of one another, both are pre-trial, and both seek declaratory, preliminary, and permanent injunctive relief enjoining implementation of provisions of S.B. 2343.

Failing to consolidate these cases risks two different courts making inconsistent factual and legal adjudications. For example, currently, the *NAACP* Plaintiffs allege in their Complaint that the prior written permission provision of S.B. 2343 violates their Plaintiffs' First Amendment rights. *NAACP* Dkt. No. 1 at ¶ 10. The *NAACP* Plaintiffs do not bring a First Amendment claim, but on the same factual bases, the *Coalition* Plaintiffs do. *Coalition* Dkt. No. 1 at ¶¶ 28-33. Separate adjudications of two different courts as to the substantive factual and legal allegations regarding S.B. 2343's prior written permission provision could cause confusion in either suit.

This factor favors consolidation.

## E. Consolidation Will Conserve Judicial Resources.

Consolidation is appropriate when it "will serve to reduce the costs and expenses of the parties and will better utilize judicial time and resources." *Branch Banking and Trust Co. v. Price*, 2011 WL 5403403, at *3 (S.D. Miss. Nov. 8, 2011). Because consolidating the *Coalition* and *NAACP* cases will avoid two different courts testing and trying the constitutionality of S.B. 2343

as against the same defendants, it will conserve judicial resources. Plaintiffs in both suits seek prospective remedial relief against Commissioner Tindell and Chief Luckey in the form of a preliminary and permanent injunction enjoining implementation of key components of S.B. 2343. The *NAACP* Plaintiffs seek to enjoin the expanded authority and jurisdiction of the Department of Public Safety and its subsidiary organization, the Office of Capitol Police, regarding law enforcement functions previously reserved to the city and the county. The *Coalition* Plaintiffs seek to enjoin a key component of that expanded authority and jurisdiction—the provision requiring prior written permission from Commissioner Tindell and Chief Luckey to protest by state property, and they are defendants in both suits. It will conserve judicial resources if only one court has the responsibility to craft and enter relief against those two defendants, regarding their responsibilities under S.B. 2343. It will conserve judicial resources if only one court has the obligation to adjudicate future compliance issues, if any.

This factor favors consolidation.

### F. Consolidation Will Not Result in an Unfair Advantage.

Neither Commissioner Tindell, Chief Luckey, or the *NAACP* or *Coalition* Plaintiffs will be unfairly advantaged by consolidation. The cases were filed within weeks of one another, they remain in a pre-trial posture, seek similar relief, and could conceivably be burdened by inconsistent judgements regarding S.B. 2343.

This factor favors consolidation.

### G. Consolidation Will Reduce the Time for Resolving the Case.

Consolidation will allow one court to efficiently manage *Coalition* and *NAACP* Plaintiffs' cases and Commissioner Tindell and Chief Luckey for enforcement of S.B. 2343. It will allow one court to adjudicate their overlapping factual claims and legal allegations regarding whether S.B. 2343 violates Plaintiffs' constitutional rights. Both cases are in the pre-trial pleading stage.

10

Consolidation will ensure that the time spent by one court adjudicating the constitutionality of S.B. 2343 is not duplicative of time spent by another court adjudicating the same question, as against the same defendants.

This factor favors consolidation.

### H.   Consolidation Will Reduce the Cost of Trying the Cases Separately.

For many of the reasons discussed above, consolidating the *Coalition* and *NAACP* cases will reduce costs because one court, instead of two, would be adjudicating common factual and legal issues raised on both cases, as against the same defendants. Also, because Plaintiffs in both cases bring claims under 42 U.S.C. § 1983, if both Plaintiff groups prevail, they may be entitled to costs and fees under 42 U.S.C. § 1988. The cost burden to the state would be greatly reduced if the state were defending both suits together before a single court, rather than in separate cases before two different courts.

This factor favors consolidation.

## LOCAL RULE 7(b)(10) ADVISEMENT

Local Rule 7(b)(10) requires movants urging non-dispositive motions to "advise the court whether there is opposition to the motion." L.U.Civ.R. 7. Counsel for Defendants in the *Coalition* and *NAACP* suits advise that they **oppose** the Motion. Counsel for the Plaintiffs in the *NAACP* suit advise that they **do not oppose** it.

## CONCLUSION

For the forgoing reasons, the *Coalition* and *NAACP* cases should be consolidated under Rule 42 and Local Rule 42 for all purposes.

11

Dated: June 7, 2023                    /s/ Paloma Wu
                                                   Paloma Wu (Miss. Bar No. 105464)
MISSISSIPPI CENTER FOR JUSTICE
210 E. Capitol Street, Ste 1800
Jackson, MS 39201
(601) 709-0858
pwu@mscenterforjustice.org

Cliff Johnson (Miss. Bar No. 9383)
MACARTHUR JUSTICE CENTER
University of Mississippi School of Law
481 Chucky Mullins Drive
University, MS 38677
(662) 915-6863
cliff.johnson@macarthurjustice.org

*Attorneys for Plaintiffs*

12