IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE; et al.                         PLAINTIFFS

v.                                    CIVIL ACTION NO. 3:23-cv-272-HTW-LGI

TATE REEVES, in his official capacity
as Governor of the State of Mississippi; et al.               DEFENDANTS

RESPONDENTS' RESOPNSE IN OPPOSITION
MOVANTS' MOTION TO CONSOLIDATE

COME NOW, Respondents, Sean Tindell ("Commissioner Tindell"), in his official capacity as the Commissioner of the Mississippi Department of Public Safety and Bo Luckey ("Chief Luckey"), in his official capacity as the Chief of the Mississippi Capitol Police, through undersigned counsel, and submit their response to plaintiffs' motion to consolidate under Fed. R. Civ. P. 42 and would show unto the Court as follows:

1.      The Coalition[1] plaintiffs move this Court to consolidate their case – which is a limited First Amendment and Fourteenth Amendment (not race-based) challenge to Senate Bill 2343(1)(6)(c) – with that of the NAACP plaintiffs, whose "§ 1983 lawsuit is about race discrimination" and is rooted in Fourteenth Amendment due process concerns. NAACP Dkt. [45] *Order* at 8. The Coalition plaintiffs ask this Court to do this knowing that they face significant ripeness issues in their own case. In discussing S.B. 2343(1)(6)(c), which they term the "prior restraint provision", the

---

[1] For the sake of consistency, the respondents maintain the convention adopted by the movants in their motion whereby they refer to the plaintiffs in 3:23-cv-272-HTW-LGI as the "NAACP plaintiffs" and the plaintiffs in 3:23-cv-351-TSL-RPM as the "Coalition plaintiffs."

NAACP plaintiffs address the issue head-on acknowledging: "it is not yet known what bearing, if any, the rules and regulations DPS is required to promulgate to 'effectuate' this statute will have on these restraints" and they disavowed their claim by stating "Plaintiffs do not at this time pray for any relief with respect to that provision," although they hinted at some future amendment "as circumstances require." NAACP Dkt. [1] *Compl.* at 5. Simply put, the NAACP plaintiffs are not seeking any relief relating to S.B. 2343(1)(6)(c).

2. All factors, except that the two cases are pending in the same judicial district, weigh against consolidation.

3. The only common parties to these two suits are defendants Commissioner Tindell and Chief Luckey, who are named in their official capacities. They are the only defendants in the Coalition case and are two of the five defendants in NAACP case. None of the plaintiffs are the same in the two cases. The Coalition case has three individual and five group plaintiffs while there are six individual and 3 group plaintiffs in the NAACP case. This factor weighs against consolidation.

4. The NAACP plaintiffs have intentionally abandoned pursuing any relief with respect to S.B. 2343(1)(6)(c). If they would have pursued this claim, they must allege and prove that they received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent. The Coalition plaintiffs, on the other hand, will have to navigate an entirely different set of standards to prevail on their claims related to

2

EXHIBIT "A"

S.B. 2343(1)(6)(c). The first step in a First Amendment freedom of speech inquiry is to determine whether the challenged regulation is either content-based or content-neutral. The result of that determination dictates the level of scrutiny the challenged restriction must meet in order to pass constitutional muster. The Coalition plaintiffs also claim that S.B. 2343(1)(6)(c) is an unconstitutional prior restraint because it grants unfettered discretion to the DPS Commissioner and the Chief of the Capitol Police to approve or deny a permit. To prevail on this claim, plaintiffs must show that S.B. 2343(1)(6)(c) and its implementing regulations lack "narrow, objective, and definite standards . . . to ensure that the licensing decision is not based on the content or viewpoint of the speech being considered." Finally, the Coalition plaintiffs challenge S.B. 2343(1)(6)(c) as unconstitutionally vague. To succeed on this claim, plaintiffs must establish that S.B. 2343(1)(6)(c) and its implementing regulations either fail to provide those targeted by the statute a reasonable opportunity to know what conduct is prohibited or are so indefinite that it allows arbitrary and discriminatory enforcement. There is no legal or factual overlap between the equal-protection claims asserted by the NAACP and the First and Fourteenth Amendment claims asserted by the Coalition plaintiffs. This factor weighs heavily against consolidation of the cases.

5. As it stands there is no risk of inconsistent adjudication of factual and legal issues as each of the plaintiffs' claims are distinct, both in what they challenge and how they are challenging it. The defendants, however, will be prejudiced by the

EXHIBIT "A"

possibility of having facts relevant only to one case seep into the record and analysis of the other. This factor weighs against consolidation.

6. Consolidation will require different factual development and the Court will have to consider separate legal issues. Currently, these varied and distinct cases are spread out over two district court judges, two magistrates, and their staffs. It would strain judicial resources to heap both cases onto a single district court judge, magistrate judge, and their staffs. This factor weighs against consolidation.

7. If consolidation is allowed, the NAACP plaintiffs may have an opportunity to revive their challenge to S.B. 2343(1)(6)(c) – which they expressly chose to forgo – and the Coalition plaintiffs stand to gain from hurling their unripe suit onto an already moving train. This factor weighs against consolidation.

8. While the NAACP plaintiffs made some attempt to streamline their claims, the Coalition plaintiffs now seek to burden progress in this case by challenging a bill that the NAACP plaintiffs acknowledge does not even go into effect until DPS administrative rule-making process is complete. This factor weights against consolidation.

9. Given that there is no overlap between lawyers litigating these two cases, and Commissioner Tindell and Chief Luckey are represented by salaried state employees, no cost savings will be achieved by consolidation and this factor weighs against consolidation.

EXHIBIT "A"

WHEREFORE, PREMISES CONSIDERED, for all the reasons stated herein, as well as in their supporting memorandum, respondents respectfully request that this Court deny the request to consolidate the two cases.

DATE: JUNE 12, 2023

> SEAN TINDELL, in his official capacity as
> the Commissioner of Public Safety and
> BO LUCKEY, in his official capacity as
> the Chief of the Mississippi Department of
> Public Safety Office of Capitol Police,
> *Respondents*
>
> LYNN FITCH
> Attorney General of Mississippi
>
> */s/ J. Chadwick Williams*
> Special Assistant Attorney General
> Mississippi Bar No. 102158
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3523
> E-mail: chad.williams@ago.ms.gov

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This, the 12th day of June 2023.

*/s/ J. Chadwick Williams*

5

EXHIBIT "A"