IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JXN UNDIVIDED COALITION; MISSISSIPPI
VOTES; PEOPLE'S ADVOCACY
INSTITUTE; MISSISSIPPI POOR PEOPLE'S
CAMPAIGN; BLACK VOTERS MATTER;
RUKIA LUMUMBA; DANYELLE HOLMES;
AREKIA BENNETT-SCOTT                                                  PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:23-cv-351-TSL-RPM

SEAN TINDELL, in his official capacity as
Commissioner of the Mississippi Department of
Public Safety; and BO LUCKEY, in his official
capacity as Chief of the Capitol Police, a unit of
the Mississippi Department of Public Safety            DEFENDANTS

### DEFENDANTS' MEMORANDUM IN OPPOSITION
### TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

COME NOW, Respondents, Sean Tindell ("Commissioner Tindell"), in his official capacity as the Commissioner of the Mississippi Department of Public Safety ("DPS") and Bo Luckey ("Chief Luckey"), in his official capacity as the Chief of the Mississippi Capitol Police, through undersigned counsel, and submit their memorandum in opposition to plaintiffs' motion for preliminary injunction, and would show unto the Court as follows:

### INTRODUCTION

In April 2023, the Mississippi Legislature passed Senate Bill 2343 ("S.B. 2343"), and Governor Reeves signed the bill into law on April 21, 2023. Subsection (1)(6)(c) of S.B. 2343 requires the sponsor or organizer of any event that will take place on streets or sidewalks immediately adjacent to buildings or property owned or

occupied by State agencies, or that will likely impede ingress to or egress from such buildings or properties, to obtain written approval from the Chief of the Capitol Police or the Commissioner of DPS before holding the event. S.B. 2343 charges DPS with the responsibility of promulgating rules and regulations to effectuate this provision.

Plaintiffs have filed a motion for preliminary injunction, Dkt. [6], requesting that this Court immediately enjoin Defendants from both implementing and enforcing S.B. 2343(1)(6)(c). They contend that S.B. 2343(1)(6)(c) violates the First Amendment, as well as the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution. Plaintiffs seek emergency relief because they plan to hold four demonstrations in downtown Jackson in July of this year but have refrained from publicizing these events because they fear that the individual Plaintiffs and other demonstrators will be arrested and prosecuted for violating S.B. 2343. Plaintiffs' fears are unfounded.

DPS must promulgate rules and regulations to effectuate S.B. 2343(1)(6)(c). The process of proposing and adopting these rules and regulations under Mississippi's Administrative Procedures Law has not even begun. Until that process is complete and the regulations go into effect, DPS and the Capitol Police will not require event organizers to obtain written approval and will not attempt to enforce S.B. 2343(1)(6)(c). The regulations DPS is tasked with developing will not be adopted

before August 1, 2023. Plaintiffs will therefore not need to obtain a permit under S.B. 2343 for the demonstrations they plan to hold in July.

Given that DPS has not promulgated any regulations to make S.B. 2343(1)(6)(c) enforceable, Plaintiffs cannot meet their burden of showing that their claims are ripe for judicial review. First, this case would benefit from further factual development because this Court will be in a better position to adjudicate Plaintiffs' claims after DPS has promulgated rules and regulations under S.B. 2343. Indeed, it is possible that many, if not all, of Plaintiffs' objections to S.B. 2343 will be addressed by the promulgated regulations. Second, Plaintiffs will not suffer any hardship if this Court denies their motion for preliminary injunction and withholds consideration of their claims until implementing regulations have been adopted. DPS will not attempt to enforce S.B. 2343(1)(6)(c) until the rule-making process is complete, which will not occur before August 1, 2023. Plaintiffs thus will not be required to obtain written approval from Commissioner Tindell or Chief Bo Luckey for their July 2023 demonstrations. Consequently, no one at those events will be arrested or prosecuted for not complying with S.B. 2343.

For the same reason, Plaintiffs cannot show that they face a substantial threat of imminent and irreparable harm. The only irreparable harm they have identified relates to the chilling effect that S.B. 2343 is supposedly having on their ability to organize the four July 2023 protests they wish to conduct in Jackson. Although Plaintiffs state that they intend to organize similar events in the future, there is no indication in the record that any additional events have been planned or will occur in

3

the near future. Because Plaintiffs will not suffer imminent and irreparable harm if the Court denies their motion, they cannot demonstrate that they satisfy the other two factors for a preliminary injunction: the balance of harms and the public interest. Granting a preliminary injunction prohibiting Defendants from implementing and enforcing S.B. 2343 would deprive the State and the public of their strong interest in enforcement of duly enacted state laws.

In sum, Plaintiffs' motion for preliminary injunction is premised on the mistaken assumption that Defendants will attempt to enforce S.B. 2343(1)(6)(c) without first promulgating rules and regulations, as the law requires. This Court should therefore deny the motion for preliminary injunction and allow DPS to promulgate rules and regulations in accordance with S.B. 2343. If the rules and regulations adopted by DPS do not remedy all of Plaintiffs' concerns about the law, they can seek injunctive relief at that time. Plaintiffs will not suffer any harm to their constitutional rights if this Court withholds consideration of their claims until the rule-making process is completed.

## FACTUAL BACKGROUND

**S.B. 2343.** The Mississippi Legislature passed S.B. 2343 in April 2023, and the bill was signed into law by Governor Reeves on April 21, 2023. S.B. 2343 amended Miss. Code Ann. § 45-1-19, which prescribes the jurisdiction of the Capitol Police to enforce laws within the Capitol Complex Improvement District ("CCID"). *See* Miss. Code Ann. § 45-1-19(6) (2022) (providing that the Capitol Police "shall have jurisdiction relative to the enforcement of all laws of the State of Mississippi within

the boundaries of" the CCID); Miss. Code Ann. § 29-5-203 (2022) (setting forth the boundaries of the CCID in the City of Jackson). The Capitol Police is a unit of the Department of Public Safety. Miss. Code Ann. § 45-1-2(2)(i).

Among other things, S.B. 2343 gives the Capitol Police "primary" law enforcement jurisdiction within the CCID and "concurrent" law enforcement jurisdiction with the City of Jackson and Hinds County within the City. 2023 S.B. 2343 § 1(6)(a), (b). S.B. 2343 also requires "written approval" from either the Commissioner of DPS or the Chief of the Capitol Police "before any event occurs which will take place on any street or sidewalk immediately adjacent to any building or property owned or occupied by any official, agency, board, commission, office or other entity of the State of Mississippi, or which can reasonably be expected to block, impede or otherwise hinder ingress thereto and/or egress therefrom." *Id.* § 1(6)(c). S.B. 2343(1)(6)(c) further provides that DPS "shall promulgate rules and regulations to effectuate the provisions of this paragraph[.]" *Id.* The law goes into effect on July 1, 2023. *Id.* § 2.

As of this date, DPS has not even started the statutorily-required process of promulgating rules and regulations to effectuate the provisions of S.B. 2343(1)(6)(c). Tindell Decl. at ¶ 4, a copy of which is attached hereto as Exhibit "1". Under the Mississippi Administrative Procedures Law, Miss. Code Ann. § 25-43-1.101, *et seq.*, at least twenty-five days before the adoption of a proposed rule, DPS must file a notice of proposed rule adoption with the Secretary of State for publication in the administrative bulletin. *Id.* at ¶ 7; Miss. Code Ann. § 25-43-3.103(1). The notice must

include, among other things, the text of the proposed rule; "[w]here, when and how persons may present their views on the proposed rule"; and "[w]here, when and how persons may demand an oral proceeding on the proposed rule[.]" Tindell Decl. at ¶ 7; Miss. Code Ann. § 25-43-3.103(1)(d)-(f).

Within three days after filing the notice of proposed rule adoption, DPS must provide a copy of the notice "to each person who has made a timely request to the agency to be placed on the mailing list maintained by the agency of persons who have requested notices of proposed rule adoptions." Tindell Decl. at ¶ 8; Miss. Code Ann. § 25-43-3.103(2). DPS "may provide the copy via the Internet or by transmitting it to the person by electronic means[.]" *Id.*

DPS is required to "afford persons the opportunity to submit, in writing, argument, data and views on the proposed ruler" for "at least" twenty-five days after filing the notice of proposed rule adoption with the Secretary of State. Tindell Decl. at ¶ 9; Miss. Code Ann. § 25-43-3.104(1). DPS may also schedule an oral proceeding on the proposed rule. Tindell Decl. at ¶ 9; Miss. Code Ann. § 25-43-3.104(2). However, DPS is required to schedule an oral proceeding if, within twenty days after the filing of the notice, "a written request for an oral proceeding is submitted by a political subdivision, an agency or ten (10) persons." Miss. Code Ann. § 25-43-3.104(2)(a). In that event, the proceeding "may not be held earlier than twenty (20) days after notice

of its location and time is properly filed with the Secretary of State for publication in the administrative bulletin." Miss. Code Ann. § 25-43-3.104(2)(b).

As of this date, DPS has not filed a notice of proposed rule adoption related to S.B. 2343(1)(6)(c) with the Secretary of State. Tindell Decl. at ¶ 4. DPS cannot adopt any rules or regulations effectuating S.B. 2343(1)(6)(c) "until the period for making written submissions and oral presentations has expired." Tindell Decl. at ¶ 10; Miss. Code Ann. § 25-43-3.106(1). Currently, DPS and Capitol Police "do not have any method by which to execute the permitting process outlined" in S.B. 2343(1)(6)(c) because no rules or regulations have been promulgated. Tindell Decl. at ¶ 11. Therefore, neither DPS nor Capitol Police "will be accepting or requiring applications for permits relating to S.B. 2343(1)(6)(c) until such time as the rule-making process is complete." *Id.* Nor will DPS or Capitol Police "try to enforce S.B. 2343(1)(6)(c)" until the rules and regulations effectuating the law have been "finalized and published in the administrative code." *Id.* The rules and regulations will not be finalized and published in the administrative code before August 1, 2023. *Id.*

**Plaintiffs' July 2023 Protests.** Plaintiffs are individuals and non-profit organizations that are members of JXN Undivided Coalition (the "Coalition"), which was "founded to resist state encroachment and takeover of many of the rights and resources of residents of Jackson, Mississippi[.]" Dkt. [6-1] at ¶ 4. The Coalition and its members "organize and participate in protests . . . beside places occupied by the state government" in order to ensure that their "message may be seen and heard by Mississippi state officials." *Id.* at ¶ 5. Plaintiffs plan to protest on the sidewalks and

7

streets next to properties owned by the State, including the State Capitol, the Mississippi Supreme Court, and the Governor's Mansion, on July 6, 8, 18, and 27, 2023. *Id.* at ¶ 16. For one of the protests, Plaintiffs state that they intend to obtain a permit from the City of Jackson allowing them "to march in North Congress Street and have a rally in front of the Governor's Mansion." *Id.* Further, "[o]ne or more" of the protests they plan to hold in July will "take place by or pass by privately-owned properties and office buildings downtown which may be occupied by state government officials." *Id.* Plaintiffs state that they do not know and have no way of determining whether those buildings are occupied by state officials. *Id.*

Plaintiffs "do not believe [they] should be required to obtain prior permission from" DPS or Capitol Police to protest in downtown Jackson because S.B. 2343(1)(6)(c) is unconstitutional. *Id.* at ¶ 19. And they fear that, if they do not obtain written approval from DPS or Capitol Police for their protests, they and other protest participants "will be arrested, prosecuted, and convicted of a crime" for not complying with S.B. 2343(1)(6)(c). *Id.* Because of this fear, Plaintiffs "have not yet begun to circulate the digital flyer that has been created to publicize the July 2023 protest events." *Id.* at ¶ 20. Although Plaintiffs "plan[] to continue to protest on sidewalks and streets in Jackson, beside state government owned and occupied buildings, in the

future," there is no indication that have any concrete plans to organize protests other than the ones that will take place next month.

## PROCEDURAL BACKGROUND

On June 1, 2023, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief against Commissioner Tindell and Chief Luckey, in their official capacities. Dkt. [1] *Compl.* at 1. Plaintiffs allege that S.B. 2343(1)(6)(c) violates the First Amendment and Fourteenth Amendments because it "targets speech directed toward and against the state government and state officials; it imposes burdens on speech on streets and sidewalks adjacent to state-occupied buildings not imposed on other streets and sidewalks; and to the extent it burdens speech adjacent to state-occupied buildings in Jackson and not elsewhere in Mississippi." *Id.* at 12-13, ¶ 31. They also vagueness and overbreadth challenges under the Due Process Clause and the First Amendment to "[c]ertain aspects" of S.B. 2343(1)(6)(c), including that it "does not give adequate warning of what activities it proscribes" or "set forth explicit standards for those who must apply it." *Id.* at 13, ¶ 33. Plaintiffs seek declaratory as well as preliminary and permanent injunctive relief. *Id.* at 13-14.

On June 3, 2023, Plaintiffs filed a motion for preliminary injunction requesting that this Court enjoin "Defendants from implementing and enforcing the challenged provisions of Senate Bill 2343 until a final hearing on the merits." Dkt. [6], *Mot. for Prelim. Inj.* at 2. On June 7, Plaintiffs filed a motion to consolidate this case with *NAACP, et al. v. Reeves, et al.*, 3:23-cv-272-HTW-LGI. NAACP Dkt. [48] *Mot. to Consolidate*. Although the NAACP plaintiffs assert that S.B. 2343(1)(6)(c) "imposes a

vague and overbroad prior restraint on free expression," their complaint states that they "do not at this time pray for any relief with respect to that provision" "[b]ecause it is not yet known what bearing, if any, the rules and regulations DPS is required to promulgate to 'effectuate' this statute will have on these restraints[.]" NAACP Dkt. [1] *Compl.* at 5, ¶ 10.

On the same day Plaintiffs filed their motion to consolidate, Judge Wingate scheduled a hearing for June 14 to hear argument on Plaintiffs' motion, as well as other motions pending in the *NAACP* case. *See* June 7, 2023 Text-only Order. On June 14, 2023, the parties argued the motion to consolidate before Judge Wingate. As of this date, Judge Wingate has not ruled on the motion to consolidate.

## PRELIMINARY INJUNCTION STANDARD

To obtain a preliminary injunction, Plaintiffs must satisfy four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury to the movant outweighs any harm to the nonmovant that may result from the injunction; and (4) that the injunction will not disserve the public interest. *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012). The threat of irreparable harm must be imminent. *See Google, Inc. v. Hood*, 822 F.3d 212, 228 (5th Cir. 2016). And when the State is the nonmovant, the last two requirements merge. *See Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017) (citation omitted). The Fifth Circuit has "cautioned repeatedly" that a preliminary injunction is an "extraordinary remedy" that may only be granted if the movant has "clearly carried

10

the burden of persuasion on all four requirements." *PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (cleaned up).

## ARGUMENT

### I. Plaintiffs' Motion Should Be Denied Because Their Claims Are Not Ripe For Adjudication.

Plaintiffs' claims are not ripe for adjudication because DPS has not yet promulgated rules and regulations interpreting and implementing S.B. 2343(1)(6)(c). This Court cannot properly determine whether Plaintiffs have a substantial likelihood of succeeding on their claims without considering the rules and regulations that will govern the issuance of permits under the law. And Plaintiffs will not suffer any harm to their constitutional rights if the Court delays review of their claims until DPS promulgates rules and regulations because DPS will not enforce S.B. 2343(1)(6)(c) until the rules and regulations have been finalized.

"The ripeness inquiry reflects 'Article III limitations on judicial power' as well as 'prudential reasons for refusing to exercise jurisdiction.'" *DM Arbor Ct., Ltd. v. City of Houston*, 988 F.3d 215, 218 (5th Cir. 2021) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 670 n.2 (2010)). "[A] ripeness inquiry is often required when a party is seeking pre-enforcement review of a law or regulation," as is the case here. *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008). "Ripeness ensures that federal courts do not decide disputes that are premature or speculative." *DM Arbor*, 988 F.3d at 218 (cleaned up). Plaintiffs bear the burden of establishing that their claims are ripe for judicial review under Article

III. *E.g.*, *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 545 (5th Cir. 2008).

A case "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up). On the other hand, a case is ripe if it "would not benefit from any further factual development and when the court would be in no better position to adjudicate the issues in the future than it is now." *Pearson v. Holder*, 624 F.3d 682, 684 (5th Cir. 2010) (cleaned up). Although a case is "generally" considered to be ripe "if any remaining questions are purely legal ones," "the plaintiff must show some hardship in order to establish ripeness," even if the case "presents purely legal questions[.]" *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (cleaned up). "The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (cleaned up).

Plaintiffs cannot carry their burden of persuasion on either prong of the ripeness inquiry.

### A.   The dispute between the parties is not fit for judicial review.

It is well settled that a "government, in order to regulate competing uses of public forums, may impose a permit requirement on those wishing to hold a march, parade, or rally[.]" *Forsyth Cnty. v. Nationalist Movement*, 505 U.S. 123, 130 (1992) (citation omitted). To survive First Amendment scrutiny, such a permit scheme "must contain narrow, objective, and definite standards to guide the licensing authority."

*Forsyth Cnty.*, 505 U.S. at 131 (cleaned up). Moreover, "any permit scheme controlling the time, place, and manner of speech must not be based on the content of the message" and "must be narrowly tailored to serve a significant governmental interest[.]" *Id.* at 130 (citation omitted). In order to adjudicate a facial challenge to a permit scheme, courts are required to consider not only the text of the statute or ordinance but also the way it has been implemented and interpreted by the administrative agency charged with enforcing it. *See Forsyth Cnty.*, 505 U.S. at 131 ("In evaluating respondent's facial challenge, we must consider the county's authoritative constructions of the ordinance, including its own implementation and interpretation of it."); *Knowles v. City of Waco*, 462 F.3d 430, 434 (5th Cir. 2006) (same); *cf. Baby Dolls Topless Saloons, Inc. v. City of Dallas, Tex.*, 295 F.3d 471, 483 (5th Cir. 2002) ("Administrative interpretation and implementation of a regulation are, of course, highly relevant" in "evaluating a facial challenge to a state law[.]") (cleaned up).

Here, DPS has not promulgated any regulations implementing or interpreting S.B. 2343(1)(6)(c). Essentially, all this Court has before it is a permit requirement but no permit scheme. This Court cannot properly evaluate the merits of Plaintiffs' claims without considering the rules and regulations DPS must promulgate under the law in order to render it enforceable. For example, Plaintiffs' claim that S.B. 2343(1)(6)(c) does not provide any standards to guide Defendants in determining whether or not to provide written approval for an event. Dkt. [7], *Memo.* at 20-22. But the Court cannot determine whether such standards exist until DPS has had the opportunity

to develop a regulatory scheme governing the issuance of permits. Further, it is possible that the regulations promulgated by DPS will dispose of most, if not all, of Plaintiffs' claims regarding S.B. 2343(1)(6)(c).

This Court should therefore find that this case is not ripe for adjudication because it would benefit from factual development, i.e., the promulgation of rules and regulations interpreting and implementing S.B. 2343(1)(6)(c). Constitutional challenges to statutes are routinely found to be unripe when administrative regulations implementing the statute have not been finalized. *See, e.g.*, *Missouri v. Yellen*, 538 F. Supp. 3d 906, 914 (E.D. Mo. 2021), aff'd, 39 F.4th 1063 (8th Cir. 2022), *cert. denied*, 143 S. Ct. 734 (2023) (finding that "case would benefit from further factual development" because "Treasury Department ha[d] not yet promulgated regulations interpreting" challenged statute); *Cath. Diocese of Biloxi, Inc. v. Sebelius*, 2012 WL 6831407, at *6-7 (S.D. Miss. Dec. 20, 2012) (finding case challenging the constitutionality of Affordable Care Act to be unripe where regulations implementing the Act were in the process of being amended). This Court will be in a much better position to consider the merits of Plaintiffs' claims after DPS has promulgated rules and regulations under S.B. 2343(1)(6)(c). Plaintiffs therefore cannot satisfy the first prong of the ripeness inquiry.

### B. Plaintiffs will not suffer any hardship if the Court withholds consideration of their claims.

Plaintiffs also fail to satisfy the second prong of the ripeness inquiry. They cannot establish that they will be harmed in any way if the Court declines to consider the merits of their claims at this time. As discussed above, DPS and Capitol Police

14

will not require anyone, including Plaintiffs, to obtain a permit under S.B. 2343(1)(6)(c) and will not attempt to enforce the permit requirement until implementing regulations are finalized and published in the administrative code. Tindell Decl. at ¶ 11. The regulations that DPS must promulgate in order to enforce S.B. 2343(1)(6)(c) will not be finalized before August 1, 2023. *Id.* Plaintiffs thus will not need to obtain written approval from either Commissioner Tindell or Chief Luckey for the protests that they plan to hold in downtown Jackson in July. If the regulations adopted by DPS do not address all of Plaintiffs' concerns regarding the constitutionality of S.B. 2343(1)(6)(c), they can seek preliminary injunctive relief at that time. But in the meantime their constitutional rights will not affected at all. For these reasons, this Court should find that this case is unripe and deny Plaintiffs' motion for preliminary injunction on that basis.

## II. Plaintiffs Cannot Demonstrate That They Will Suffer Imminent and Irreparable Harm In the Absence of an Injunction.

Plaintiffs' failure to show irreparable harm also precludes a preliminary injunction. They claim that they will suffer irreparable harm if the Court declines to enjoin Defendants because S.B. 2343(1)(6)(c) violates their First Amendment rights. Dkt. [7] *Memo.* at 23. According to Plaintiffs, they "have refrained from communicating in critical ways with others regarding the Coalition's July 2023 actions" because they fear that they and other protestors will be arrested and detained or incarcerated due to their failure to comply with S.B. 2343. *Id.* at 22. Plaintiffs' fears are entirely unfounded.

15

Again, DPS and Capitol Police will not require Plaintiffs to obtain a permit for the July 2023 protests they wish to conduct and will not enforce S.B. 2343(1)(6)(c) until implementing regulations have been finally adopted, which will not occur before August 1, 2023. Tindell Decl. at ¶ 11. Consequently, Plaintiffs cannot demonstrate that they will suffer irreparable harm if the Court denies their motion and allows DPS to promulgate rules and regulations effectuating S.B. 2343.

Of course, Plaintiffs state that they plan on organizing similar protests in the future, in addition to the ones planned for July, but there is nothing in the record indicating when these protests will occur. To the extent Plaintiffs claim that they satisfy the irreparable harm requirement by virtue of their intention to organize other protests in the future, the Court should reject that contention. It is well settled that an injury must be both irreparable and imminent to warrant the entry of a preliminary injunction. *See Google, Inc. v. Hood*, 822 F.3d 212, 228 (5th Cir. 2016) ("[I]nvocation of the First Amendment cannot substitute for the presence of an imminent, non-speculative irreparable injury."). If this Court denies the motion for preliminary injunction and allows DPS to promulgate regulations effectuating S.B. 2343, Plaintiffs will have ample opportunity to seek injunctive relief after the regulations are finalized. Plaintiffs cannot satisfy the irreparable harm requirement based on protests that have not been planned and are not imminent.

### III. The Harm to the State In Granting An Injunction Far Exceeds Any Purported Harm to Plaintiffs, and the Public Interest Thus Favors Denying Plaintiffs' Motion.

As noted previously, the balance of the equities and the public interest merge when the government is the party opposing a motion for preliminary injunction. *See Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017) ("Because the State is the appealing party, its interest and harm merge with that of the public.") (citation omitted); *Pacharne v. Dep't of Homeland Sec.*, 565 F. Supp. 3d 785, 802 (N.D. Miss. 2021) (citation omitted). Because Plaintiffs will not suffer any injury if injunctive relief is denied at this time, the Court need not even consider the final two elements of the preliminary injunction test. *E.g.*, *Winsupply E. Houston v. Blackmon*, 2021 WL 5504756, at *9 (S.D. Tex. Nov. 22, 2021).

Regardless, the harm that the State will suffer if it is enjoined dwarfs any potential harm that Plaintiffs could conceivably experience. "When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws." *Veasey*, 870 F.3d at 391 (citations omitted). Here, Plaintiffs not only seek to enjoin the enforcement of S.B. 2343(1)(6)(c), they seek to prohibit DPS from even attempting to promulgate any implementing regulations to effectuate its provisions. *See* Dkt. [6], *Mot. for Prelim. Inj.* at 2 (requesting a preliminary injunction prohibiting "Defendants from *implementing* and enforcing the challenged provisions of Senate Bill 2343 until a final hearing on the merits") (emphasis added). The State will be irreparably harm if the Court enjoins Defendants from merely promulgating regulations that Plaintiffs will have an opportunity to

17

challenge if the regulations do not nullify all of their objections to S.B. 2343. Accordingly, Plaintiffs fail to satisfy the remaining requirements to obtain a preliminary injunction.

## CONCLUSION

For all the reasons stated herein, this Court should deny Plaintiffs' motion for preliminary injunction.

DATE: JUNE 19, 2023

SEAN TINDELL, in his official capacity as the Commissioner of Public Safety and BO LUCKEY, in his official capacity as the Chief of the Mississippi Department of Public Safety Office of Capitol Police, *Defendants*

LYNN FITCH
Attorney General of Mississippi

*/s/ Wilson D. Minor*
WILSON D. MINOR (MSB# 102663)
J. CHADWICK WILLIAMS (MSB# 102158)
Special Assistant Attorneys General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3523
Fax: (601)359-2003
chad.williams@ago.ms.gov
wilson.minor@ago.ms.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This, the 19th day of June 2023.

/s/Wilson D. Minor