IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JXN UNDIVIDED COALITION, et al.                    **PLAINTIFFS**

v.                              CIVIL ACTION NO. 3:23-cv-351-TSL-RPM

SEAN TINDELL, in his official capacity as
Commissioner of the Mississippi Department of
Public Safety; and BO LUCKEY, in his official
capacity as the Chief of the Capitol Police, a unit of
the Mississippi Department of Public Safety          **DEFENDANTS**

## ANSWER AND DEFENSES

COME NOW, Defendants, Sean Tindell ("Commissioner Tindell"), in his official capacity as the Commissioner of the Mississippi Department of Public Safety ("DPS") and Bo Luckey ("Chief Luckey"), in his official capacity as the Chief of the Mississippi Capitol Police, by and through counsel, and submit their Answer and Defenses to the Plaintiffs' [1] Complaint for Declaratory and Injunctive Relief and would show unto the Court as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, the Complaint is due to be dismissed under Fed. R. Civ. P. 12(b)(1) as this Court lacks the statutory or constitutional power to adjudicate the claims against answering Defendants.

## SECOND DEFENSE

Defendants allege a misjoinder of parties and/or claims.

## THIRD DEFENSE

Plaintiffs lack standing and their alleged claims are not ripe for consideration by the Court.

## FOURTH DEFENSE

Answering Defendants specifically assert and invoke all defenses available to him as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FIFTH DEFENSE

Defendants affirmatively plead the doctrine of sovereign immunity and the provisions and protections of the Eleventh Amendment to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

## SIXTH DEFENSE

The relief sought by Plaintiffs is against the public interest.

## ADMISSIONS AND DENIALS

## COMPLAINT [1]

And now, without waiving any defense heretofore or hereinafter set forth, answering Defendants respond to the allegations of Plaintiffs' Complaint for Declaratory and Injunctive Relief, paragraph by paragraph, as follows:

1.   The allegations of paragraph 1 of the Complaint are denied.

2.   The allegations of paragraph 2 of the Complaint are denied.

3.      The allegation in paragraph 3 of the Complaint appears to be a statement of intent, and as such requires no response from Defendants. If a response is necessary, the allegations in paragraph 3 of the Complaint are denied.

4.      The allegations of paragraph 4 of the Complaint are denied.

5.      To the extent the Court has jurisdiction over this matter, venue would be proper.

6.      The allegations of paragraph 6 of the Complaint are denied.

7.      To the extent the Court has jurisdiction over this matter, venue would be proper.

## PARTIES

### *Plaintiffs*

8.      Answering Defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 8 of the Complaint and, as such, deny the same.

9.      Answering Defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 9 of the Complaint and, as such, deny the same.

10.     Answering Defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 10 of the Complaint and, as such, deny the same.

11.     Answering Defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 11 of the Complaint and, as such, deny the same.

12.     Answering Defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 12 of the Complaint and, as such, deny the same.

*Defendants*

13.     Defendants admit that Sean Tindell is the Commissioner of the Mississippi Department of Public Safety ("DPS"). Plaintiffs' representation that Commissioner Tindell is sued only in his official capacity is a statement of intent, and as such requires no response from Defendants. The remaining allegations of paragraph 13 of the Complaint are denied.

14.     Defendants admit that Bo Luckey is the Chief of the Capitol Police. Plaintiffs' representation that Chief Luckey is sued only in his official capacity is a statement of intent, and as such requires no response from Defendants. The remaining allegations of paragraph 14 of the Complaint are denied.

15.     The allegations of paragraph 15 of the Complaint are denied.

## GENERAL ALLEGATIONS

16.     Except to state that the demographic and political features of the City of Jackson and Hinds County, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations of paragraph 16 of the Complaint.

17.     Except to state that the demographic, political, and geographic features of the City of Jackson and Hinds County, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations of paragraph 17 of the Complaint.

18.     Except for the added emphasis, the block quote in paragraph 18 of the Complaint is an accurate reproduction of the text of S.B. 2343(1)(6)(c).

19.     The allegations of paragraph 19 of the Complaint are denied.

20.     Answering Defendants admit DPS is required to promulgate rules and regulations to effectuate S.B. 2343(1)(6)(c), but the remaining allegations of paragraph 20 of the Complaint are denied.

21.     The allegations of paragraph 21 of the Complaint are denied.

22.     The allegations of paragraph 22 of the Complaint, including the two footnotes, are denied.

23.     The allegations of paragraph 23 of the Complaint are denied.

24.     The allegations of paragraph 24 of the Complaint are denied.

25.     The allegations of paragraph 25 of the Complaint are denied.

26.     The allegations of paragraph 26 of the Complaint are denied.

27.     The allegations of paragraph 27 of the Complaint are denied.

28.     Except to state that the law, where applicable, will speak for itself, the allegations of paragraph 28 of the Complaint are denied.

29.     The allegations of paragraph 29 of the Complaint are denied.

30.     Except to state that the law, where applicable, will speak for itself, the allegations of paragraph 30 of the Complaint are denied.

31.     The allegations of paragraph 31 of the Complaint are denied.

32.     Except to state that the law, where applicable, will speak for itself, the allegations of paragraph 32 of the Complaint are denied.

33.     The allegations of paragraph 33 of the Complaint are denied.

34.     The allegations of paragraph 34 of the Complaint are denied.

35.     The allegations of paragraph 35 of the Complaint are denied.

## PRAYER FOR RELIEF

The last unnumbered paragraph of the Complaint beginning "WHEREFORE" is denied, including subparts A. – D. thereunder, and Defendants deny that Plaintiffs are entitled to any relief against them in any form, whatsoever.

## SEVENTH DEFENSE

Defendants deny each and every allegation of Plaintiffs' Complaint by which Plaintiffs seek to impose liability upon Defendants and/or secure declaratory relief, injunctive relief, or other relief, and Defendants deny that they or their employees or agents have been or can be guilty of any actionable conduct in the premises.

## EIGHTH DEFENSE

Defendants reserve the right to seek leave to amend their Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

## NINTH DEFENSE

Defendants invoke any and all rights and protections afforded to Defendants by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

## TENTH DEFENSE

Plaintiffs' Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

## ELEVENTH DEFENSE

Defendants invoke all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiffs' claims.

## TWELFTH DEFENSE

Defendants reserve the right to amend their answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery. Defendants do not waive, and further reserve, any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, Federal Rules of Civil Procedure, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

And now, having fully answered the allegations of Plaintiffs' Complaint and having set forth their defenses thereto, Defendants deny that the Plaintiffs are entitled to any relief against them in any form whatsoever, and hereby move the

Court for entry of an order and final judgment dismissing this cause of action against them with prejudice, with all costs assessed to the Plaintiffs. Finally, Defendants move for general and such other relief as the Court deems appropriate herein.

**DATE: JUNE 23, 2023**

> **SEAN TINDELL, in his official capacity as the Commissioner of the Mississippi Department of Public Safety and BO LUCKEY, in his official capacity as the Chief of the Capitol Police, a unit of the Mississippi Department of Public Safety,** *Defendants*
>
> LYNN FITCH
> Attorney General of Mississippi
>
> */s/ J. Chadwick Williams*
> Special Assistant Attorney General
>
> J. CHADWICK WILLIAMS (MSB# 102158)
> WILSON D. MINOR (MSB# 102663)
> STATE OF MISSISSIPPI
> OFFICE OF THE ATTORNEY GENERAL
> CIVIL LITIGATION DIVISION
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3523
> Fax: (601)359-2003
> chad.williams@ago.ms.gov
> wilson.minor@ago.ms.gov
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This, the 23rd day of June 2023.

*/s/ J. Chadwick Williams*