IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JXN UNDIVIDED COALITION, et al.**                                          **PLAINTIFFS**

vs.                                          **CIVIL ACTION No.: 3:23-CV-272-HTW-LGI**
                                                    **Consolidated Case No. 3:23-CV-351-TSL-RPM**

**SEAN TINDELL, in his official capacity as
Commissioner of the Mississippi Department
of Public Safety; and BO LUCKEY, in his official
capacity as Chief of Capitol Police, a unit of the
Mississippi Department of Public Safety**                  **DEFENDANTS**

---

**ORDER**

---

**I.      INTRODUCTION**

This matter comes before this Court on Plaintiffs' *First Motion for a Preliminary Injunction* [ECF No. 6], seeking to enjoin enforcement of Mississippi Senate Bill 2343 ("S.B. 2343"), which imposes a prior written approval requirement for events occurring on sidewalks and streets adjacent to state government buildings in Jackson, Mississippi. The law is set to take place on July 1, 2023. Plaintiffs herein[1], a coalition of individuals and organizations, argue that the law is unconstitutional on its face and as applied. This is so, argue Plaintiffs, because the law violates

---

[1] Plaintiffs are: JXN Undivided Coalition; Mississippi Votes; People's Advocacy Institute ; Mississippi Poor People's Campaign; Black Votes Matter (non-profit organizations); Rukia Lumumba; Danyelle Holmes; and Arekia Bennet-Scott (individuals). Plaintiffs are members of a "Coalition", which Plaintiffs state was "founded to resist state encroachment and takeover of many of the rights and resources of residents of Jackson, Mississippi[.]" Dkt. [6-1] at ¶ 4.

their rights under the First[2] and Fourteenth[3] Amendments to the United States Constitution. Defendants oppose the motion, asserting that the law is necessary for public safety and order.

On June 29, 2023, this Court heard oral arguments from the parties and GRANTED Plaintiffs' Motion for Preliminary Injunction from the bench. This Court, having reviewed the parties' filings, applicable law, and arguments, now memorializes its ruling in writing to preserve its case record.

## II.   BACKGROUND

Mississippi Senate Bill 2343 was enacted in April 2023, and it requires organizers of any event occurring on streets or sidewalks adjacent to state-owned or state-occupied buildings to obtain prior written approval from the Commissioner of the Mississippi Department of Public Safety or the Chief of the Capitol Police. The law Plaintiffs challenge is two sentences long, in its entirety:

> (c) Written approval from the Chief of the Capitol Police or the Commissioner of the Department of Public Safety shall be required before any event occurs which will take place on any street or sidewalk immediately adjacent to any building or property owned or occupied by any official, agency, board, commission, office or other entity of the State of Mississippi, or which can reasonably be expected to block, impede or otherwise hinder ingress thereto and/or egress therefrom. The Department of Public Safety shall promulgate rules and regulations to effectuate the provisions of this paragraph (c).

S.B. 2343(1)(6)(c).

---

[2] Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.
U.S. Const. Amend. I

[3] Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
U.S. Const. amend. XIV

The law purports to regulate traffic and ensure public safety, but Plaintiffs argue that it imposes an unjustified and discriminatory burden on speech, particularly targeting protests against state government actions. Defendants assert that the law is necessary to maintain order and security near state buildings and that it is a reasonable time, place, and manner restriction. Plaintiffs, however, argue that the law is overbroad, vague, and grants unbridled discretion to government officials to approve or deny permits based on subjective criteria.

Plaintiffs highlight further that the City of Jackson already has a permit scheme for public demonstrations, making the additional state requirement redundant and unduly burdensome. The City of Jackson already governs public demonstrations through an established process requiring organizers to apply for a permit when planning large-scale events that may impact public spaces. This process ensures coordination with local law enforcement, emergency services, and traffic control authorities to maintain public safety while protecting First Amendment rights. Under the City's existing regulations, demonstrators must submit an application detailing the time, location, and nature of the event, after which city officials assess potential concerns and issue permits accordingly.

Notably, Jackson's permit process applies to all public demonstrations, irrespective of their subject matter or the identity of nearby occupants, making it a neutral and content-free regulation. Given this comprehensive scheme, say the Plaintiffs, the additional state-level approval requirement imposed by S.B. 2343 unnecessarily duplicates existing procedures and imposes an extra hurdle on protesters seeking to engage in constitutionally protected speech.

### III. JURISDICTION

This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331[4], as Plaintiffs' claims arise under federal law, specifically 42 U.S.C. § 1983[5]. As stated supra, Plaintiffs allege violations of their rights under the First and Fourteenth Amendments to the United States Constitution.

### IV. LEGAL STANDARD

Under Fed. R. Civ. P. 65[6], to obtain a preliminary injunction, Plaintiffs must establish: (1) a likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of equities favors an injunction; and (4) that an injunction serves the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014).

### V. ANALYSIS

#### A. *Likelihood of Success on the Merits*

Plaintiffs argue that S.B. 2343 imposes a content-based restriction on speech, as it specifically targets speech occurring adjacent to state-occupied buildings. The United States Court of Appeals for the Fifth Circuit consistently has held that laws regulating speech in traditional

---

[4] Title 28 U.S.C. § 1331:

> Federal question. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[5] 42 U.S.C. §1983 states, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... 42 U.S.C.A. § 1983 (West)

[6] Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders, requiring notice to the adverse party for preliminary injunctions, outlining conditions for issuing temporary restraining orders without notice, and mandating security for the payment of costs and damages if the injunction is wrongfully issued. See Fed. R. Civ. P. 65.

public forums based on content are subject to strict scrutiny and must be narrowly tailored to serve a compelling government interest. See *Reed v. Town of Gilbert*, 576 U.S. 155 (2015).

In First Amendment cases, the government bears the burden of proving that its restrictions on speech are constitutional. *Byrum v. Landreth*, 566 F.3d 442 (5th Cir. 2009). In *Byrum*, the Fifth Circuit reversed a district court's denial to Plaintiffs' preliminary injunction challenging a law restricting commercial speech. The Court noted that the state must prove its regulation is constitutional to prevail, a burden the *Byrum* defendants had not met.

Here, the State similarly fails to meet its burden, as it has not shown that S.B. 2343 serves a compelling government interest. The United States Supreme Court has long held that prior restraints on speech are presumptively unconstitutional. See *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963). The requirement that protesters seek prior written approval from state officials constitutes a classic prior restraint, as it allows government officials to prevent speech before it occurs, without clear guidelines or procedural safeguards. The Fifth Circuit has invalidated similar laws that provide broad discretion to government officials to regulate speech in public forums. See *Seals v. McBee*, 898 F.3d 587, 593 (5th Cir. 2018). Given this precedent, this Court finds that Plaintiffs have shown a strong likelihood of success on the merits.

      **B.**    ***Substantial Threat of Irreparable Harm***

The loss of First Amendment freedoms, even for a short period, constitutes irreparable harm. In *Elrod v. Burns*, 427 U.S. 347 (1976), the Supreme Court recognized that the loss of First Amendment rights is inherently irreparable. Plaintiffs' speech is chilled by the existence of S.B. 2343, as they fear arrest and prosecution for noncompliance. This chilling effect is sufficient to establish irreparable harm, as held by the Fifth Circuit in *Barilla v. City of Houston*, 13 F.4th 427

(5th Cir. 2021), where the court noted that chilled speech or self-censorship is an injury sufficient to confer standing.

Plaintiffs have demonstrated that the law's enforcement would chill their speech, thereby satisfying this prong. In this Court's eye, S.B. 2343 imposes unconstitutional restrictions on speech. The harm is, therefore, not just theoretical but immediate, as it deters individuals from engaging in protected activities due to fear of enforcement.

### C. *Balance of Equities*

The State Defendants assert a general interest in maintaining order, but they fail to show how requiring additional approval for speech adjacent to state buildings is necessary for this purpose. Given the weight of constitutional rights at issue, the balance of equities favors Plaintiffs. The City of Jackson already regulates public assemblies through a permit process, and no evidence is before this Court that the additional state requirement addresses a specific or imminent threat to public safety.

The threatened injury to Plaintiffs outweighs any harm to Defendants. Defendants have admitted they will not enforce S.B. 2343 until regulations are finalized, which will not occur before August 1, 2023. Defendants, thus, will suffer little to no harm from an injunction maintaining the status quo. Defendants' promise not to enforce the law immediately does not negate the credible threat of future enforcement, as local law enforcement and prosecutors may still enforce S.B. 2343 See *Virginia v. American Booksellers Association*, 484 U.S. 383 (1988).

In *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), the Fifth Circuit determined that Texas was entitled to a preliminary injunction after comparing the state's assertions of specific injuries against the United States' vague assertions of generalized harms. Similarly, Defendants'

vague claims of potential harm are unconvincing compared to Plaintiffs' concrete threat of irreparable harm. This Court finds that this prong, too, preponderates in favor of the Plaintiff.

### D. *Public Interest*

The public has a strong interest in protecting constitutional rights. Enjoining an unconstitutional law serves the public interest. See *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 298 (5th Cir. 2012). In a democratic society, open public debate and the ability to petition the government are fundamental rights. The public interest is best served by ensuring that these rights are protected and that laws restricting speech are subject to rigorous scrutiny.

## VI. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Preliminary Injunction is GRANTED. Defendants are ENJOINED from enforcing S.B. 2343's written approval requirement pending final adjudication of this case[7].

**SO ORDERED this the 19th day of March, 2025.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

---

[7] This Court dismissed this matter in its entirety on December 5, 2024 [ECF No. 179].